**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA FLORES, an individual, and in her capacities as Trustee and Beneficiary of the Cytah Flores Legacy Trust,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION, et al.,<br><br>Defendants. | Case No. 1:26-cv-00307-KES-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Rebecca Flores, an individual, and in her capacities as Trustee and Beneficiary of the Cytah Flores Legacy Trust, is proceeding pro se and *in forma pauperis* in this civil rights action against Defendants California Public Utilities Commission, Pacific Gas and Electric Company, and PG&E Corporation, filed January 15, 2026. (Doc. 1.) Upon review, the Court concludes that the amended complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the

assigned district judge, in which case the Court will issue findings and recommendations consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.        SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A court is ordinarily limited to the main pages of the complaint in determining whether to dismiss a complaint.  *See Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002).  Thus, the plaintiff must allege a minimum factual and legal basis in their complaint for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d

795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.      SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint, which is comprised of 24 pages and 85 pages of exhibits, purports to allege a claim 42 U.S.C. § 1983 ("Section 1983") for denial of procedural due process under the Fourteenth Amendment to the U.S. Constitution. Although not entirely clear, it appears the basis of Plaintiff's claim is that Defendant California Public Utilities Commission (CPUC) "authorized wildfire recovery securitization" by Defendant Pacific Gas and Electric Company (PG&E) "without satisfying mandatory statutory predicates under California Public Utilities Code §§ 451 and 451.1," which resulted in the issuance of "Financing Orders authorizing non-bypassable, bankruptcy-remote securitization structures" that caused "customer-derived revenues and receivables [to be] converted into collateral for third-party bondholders." (Doc. 1 at 1–3, 11–12, 17–20.) Plaintiff alleges she "received no constitutionally adequate notice that her property interests" in her "funds, billing credits, payment streams, and related incidents of ownership associated with her electric service" were to be "converted into recovery property and sold or pledged to third parties, nor any meaningful opportunity to be heard before the deprivation occurred." (*Id*. at 18, 20.) Plaintiff, "individually and in her capacities as Trustee and Beneficiary of the Cytah Flores Legacy Trust," seeks declaratory relief via a "cause of action" under "28 U.S.C. §§ 2201–2022," injunctive relief, "equitable monetary relief," costs, and attorney's fees. (*Id*. at 21–23.)

## III.      DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state a cognizable claim. Plaintiff shall be provided with the legal standards that appear to apply to her

3

claims and will be granted the opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Pro Se Representation of Trust**

As Plaintiff has been previously advised by this Court,[1] a trustee does not have authority to appear pro se on behalf of their trust, because a trustee is generally not the real party in interest. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) (explaining that a trustee "may not claim that his status as trustee includes the right to present arguments pro se in federal court"); *see also Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").  Therefore, based on the record before the Court, to the extent the complaint asserts claims on behalf of the "The Cytah Flores Legacy Trust," Plaintiff "in her capacities as Trustee and Beneficiary" may not proceed pro se in this action.  *C.E. Pope*, 818 F.2d at 697 (affirming district court's order dismissing one complaint without prejudice and striking another because nonlawyer trustee had no authority to appear as attorney for the trust); *See Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants); *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("[A] trustee or representative of various entities may not represent these entities in any capacity in this District Court" as a pro se litigant.); *see also Simon*, 546 F.3d at 667 ("[A]bsent statutory authority stating otherwise, the general rule against permitting pro se litigants from representing others is applicable[.]").  If Plaintiff wishes to bring claims on behalf of a trust, in addition to those alleged on her own behalf as an individual, she must retain an attorney to do so or otherwise explain why the rule articulated in *C.E. Pope* does not apply.

**B.    Statute of Limitations for 42 U.S.C. § 1983 Claims**

Section 1983 does not contain a specific statute of limitations, so federal courts apply "the law of the state in which the cause of action arose and apply the state law of limitations governing

---

[1] *See Flores v. Michigan Higher Educ. Auth. (MOHELA)*, Case No. 1:25-cv-00940-JLT-SKO, Doc. 4 (E.D. Cal., filed August 1, 2025).

an analogous cause of action." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  For Section 1983 actions, federal courts apply the "forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotation marks and citations omitted).

Under California law, the statute of limitations for personal injury actions is two years. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. P. § 335.1).  The statute of limitations can be suspended by equitable tolling.  *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004).  Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith.  *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949–50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 99–100 (2008)).  To determine whether equitable tolling may extend a statute of limitations, courts look at whether the plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to the defendant, and whether the plaintiff had acted reasonably and in good faith.  *Id*. at 950.  Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue."  *Callins v. Mason*, Case No. 1:22-cv-00603-SAB (PC), 2022 WL 1720951, at *2 (E.D. Cal. May 27, 2022) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

Here, the Court cannot determine from the face of the complaint whether Plaintiff has brought her Section 1983 procedural due process claims within the two-year statute of limitations period or, if not, whether equitable tolling applies.[2]  Plaintiff alleges that the "deprivation of [her] property interests occurred at the moment of CPUC authorization and was complete upon issuance of the Financing Orders."  (Doc. 1 at 17; *see also id*. at 12.)  She does not, however, plead when

---

[2] Although alleged separately, it appears that the "causes of action" titled "Ultra Vires State Action and Void Authorization" and "Deprivation of Property Without Lawful Authority and Without Due Process" (Doc. 1 at 18–21) are based on the same facts and seek the same relief as the procedural due process claim.  To the extent that Plaintiff intends separate causes of action, it is not clear the basis of those claims.  As such, they are not cognizable as currently pleaded.

those events occurred, nor does she allege facts showing when she knew or had reason to know of their occurrence. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (Under federal law, the "discovery rule" typically governs the accrual of Section 1983 claims so that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). The Court observes that, according to the exhibits attached to the complaint, it appears a "Financing Order" was issued in May 2021, outside of the two-year statute of limitations period. (*See* Doc. 1 at 28, 29.)

To the extent that Plaintiff's Section 1983 claims accrued more than two years prior to filing, the complaint in its current form does not allege any facts to suggest equitable tolling. (*See generally* Doc. 1.) If Plaintiff elects to amend her complaint in an effort to plead cognizable claims, the amended complaint must plead additional facts, including facts regarding the accrual of her claims and any applicable tolling of the limitations period.

**C.    "Declaratory Relief (28 U.S.C. § 2201)"**

Finally, Plaintiff's "cause of action" under "28 U.S.C. § 2201–2202" (Doc. 1 at 21–22) is not cognizable. Title 28 U.S.C. § 2201, the federal Declaratory Judgment Act, "merely provides federal courts authorization to render declaratory judgments; it does not itself state a cause of action without some underlying legal basis." *Thieriot v. Pac. Gas & Elec. Co.,* No. 24-CV-07476-CRB, 2025 WL 1927737, at *1 (N.D. Cal. July 14, 2025). *See also Kaywanfar v. Arianpour*, No. CV 22-1142-DMG (MAAX), 2023 WL 3526191, at *5 (C.D. Cal. Mar. 3, 2023) ("To the extent Plaintiff alleges a claim for declaratory relief under 28 U.S.C. §§ 2201–02, declaratory relief is a remedy, not a separate claim.") (citing *N. Cnty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010)). Because there is no cognizable claim pleaded in the operative complaint, Plaintiff is not entitled to declaratory relief.[3]

**D.    Leave to Amend**

In sum, the Court has screened Plaintiff's complaint and finds that it fails to state a

---

[3] Plaintiff, as a pro se litigant, is also not entitled to an award of attorney's fees under 42 U.S.C. § 1988. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement, however, on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees [under 42 U.S.C. § 1988]."); *Gonzales v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint so that she can provide additional factual allegations.  *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty (30) days.  If Plaintiff chooses to amend the complaint, the amended complaint must allege a **short** and **plain** statement of the actions of the named defendants, which laws were violated by those actions, and the harm suffered by Plaintiff arising from those actions.  Plaintiff must do her best to cite specific provisions of the laws that she can legally enforce against the named defendants and cannot rely on general principles of law found in federal statutes.  In determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, **not to wade through exhibits**.  Plaintiff is advised that although she has been given the opportunity to amend the complaint, she may not change the nature of the suit or add unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading, E.D. Cal. Local Rule 220.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if she believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to the district judge consistent with this order.

## IV.    ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Within thirty (30) days from the date of service of this order, Plaintiff shall either:

      a.      File an amended complaint; or

      b.      Notify the Court in writing that she wants to stand on this amended complaint;

2.      If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-00307-KES-SKO; and

3.      Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:    **January 27, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE